UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -cv-

CYNTHIA RODRIGUEZ

    Plaintiff,

v.

US 1 AUTO & FOOD CENTER, LLC.

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CYNTHIA RODRIGUEZ (hereafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint and sues Defendant, US 1 AUTO & FOOD CENTER, LLC. (hereafter referred to as "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action by the Plaintiff for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Tittle VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq., (as amended by the Pregnancy Discrimination Act 1976), to redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of gender and pregnancy found on Plaintiff's complaints of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida, and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Company doing business in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a female former employee of Defendant and is a member of a class of persons protected from discrimination in her employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Florida Commission on Human Relations, the agency which is responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. On or about May 18, 2018, Plaintiff began her employment with the Defendant as a cashier.

12. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

13. On or about July 2018, Plaintiff discovered she was pregnant.

14. On or about this same time, Plaintiff informed her co-workers that she was pregnant.

15. On or about September of 2018, Plaintiff informed her direct supervisor, Luis, owner of Defendant, Amilkar Contreras that she was pregnant.

16. Prior to Plaintiff informing Mr. Contreras of her pregnancy Plaintiff never received any complaints, disciplinary actions or warnings.

17. Plaintiff was qualified for her position of cashier.

18. Subsequent to Plaintiff informing Mr. Contreras of her pregnancy, his attitude towards her changed.

19. Mr. Contreras began to tell Plaintiff that her job performance had changed.

20. Mr. Contreras prohibited Plaintiff from taking breaks.

21. On or about September 21, 2018, Plaintiff was informed by a co-worker, Daniela, that she and Daniela had been removed from the WhatsApp Group created previously by Mr. Contreras for employees of Defendant. Daniela was also pregnant at the time.

22. On or about September 21, 2018, Plaintiff was terminated by Defendant.

23. Plaintiff was replaced by a person who was not pregnant to perform the duties of Plaintiff.

24. Plaintiff was treated less favorably than male employees because of her sex, female and/or because of her pregnancy.

25. As a result of Plaintiff's pregnancy, Plaintiff was terminated by Amilkar Contreras.

26. On or about October 8, 2018, Plaintiff filed a complaint with Florida Commission on Human Relations (hereafter referred to as the "FCHR").

27. On or about October 22, 2019, the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC") issued a "Notice of Suit Rights" to Plaintiff.

28. Plaintiff has suffered damages from the conduct of Defendant and their agents.

## COUNT I
## Title VII Violation of Civil Rights Act: Sex and Pregnancy

29. Plaintiff reasserts her allegations in paragraphs 1-28 as fully set forth herein.

30. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)  It shall be an unlawful employment practice for an employer:

        (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

31. Plaintiff is a female and was pregnant at the time of termination, belonging to the groups entitled to protection under Title VII of the Civil Rights Act and under the Pregnancy Discrimination Act.

32. Defendant discriminated against Plaintiff because of her sex, female and/or pregnancy, when it terminated Plaintiff for these reasons in violation of Title VII of the Civil Rights Act and in violation of the Pregnancy Discrimination Act.

33. When Defendant's agents engaged in the aforementioned actions, they were acting within the scope of their authority as supervisor of Plaintiff, which was a supervisory position at Defendant. Therefore, they acted in a supervisory capacity for Defendant.

34. Plaintiff was qualified for the position of cashier.

35. Plaintiff was treated less favorably than male employees because of her sex, female and/or because of her pregnancy.

36. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

37. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, the sex and/or pregnancy of Plaintiff was a motivating factor for her termination by Defendant. Defendant was aware of Plaintiff's pregnancy at the time of termination.

38. Plaintiff's termination from employment by Defendant was directly and proximately caused by Defendant's discrimination against Plaintiff because of her sex, female and/or because of her pregnancy.

39. As a result of the discriminatory conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

40. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

41. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223